UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAMON ALVARADO, JR.,

    **Plaintiff,**

v.                                             Case No. 22-CV-288

NIKITA BARBEAU, JODI BARRETT,
MATTHEW BURNS, E. DAVIDSON,
BRIAN FOSTER, TRACY KAPPELL,
RYAN KUEPPER, ANDREW MOUNGEY,
JAMES MUENCHOW, CO DONNELL,
CHRISTOPHER PASS, and
UHERKA,

    **Defendants.**

---

### ORDER SCREENING THE COMPLAINT

    On March 7, 2022, plaintiff Ramon Alvarado Jr., who is incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Alvarado also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.). On March 28, 2022, Alvarado filed an amended complaint. (ECF No. 6.) Because the defendants have not yet answered, the court will accept and screen his amended complaint. (*See* Fed. R. Civ. P. 15(a)). In addition to screening the amended complaint, this order will also resolve Alvarado's motion for leave to proceed without prepayment of the filing fee.

The court has jurisdiction to resolve Alvarado's motions and to screen the amended complaint in light of Alvarado's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 7, 2022, Alvarado filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On March 8, 2022, the court ordered Alvarado to pay an initial partial filing fee of $1.43 by April 7, 2022. (ECF No. 5.) Alvarado paid that fee on March 22, 2022. The court will grant Alvarado's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

# SCREENING THE AMENDED COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was incarcerated when he filed his amended complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Alvarado's Allegations*

Alvarado alleges on March 23, 2017, while he was in strip search cage 2 at Waupun Correctional Institution, he refused to give defendant Sgt. Andrew Moungey his suicide note. (ECF No. 6 at 3.) Instead, he ripped it up, put it in his mouth, and chewed it. (*Id.*) In response, Moungey pepper-sprayed Alvarado. (*Id.*) Then, defendant Tracy Kappell gave Moungey a taser, and Moungey shot Alvarado in the stomach with the taser. (*Id.*) Alvarado states he was not disobeying orders or otherwise was doing anything to warrant being pepper-sprayed and tasered. (*Id.*)

After being tasered, defendants Ryan Kuepper and Matthew Burns arrived to supervise a strip search. Alvarado states he accidentally spit on Kuepper while coughing, and he was again pepper-sprayed. (*Id.*) He then stated that Kuepper, Burns, and Moungey strip-searched him in front of female officers in order to humiliate him. (*Id.*) Ultimately, Kuepper, Burns, Moungey, Christopher Pass, Uherka, Nikita Barbeau, Kappel, and Jodi Barrett were involved in Alvarado's strip

4

search. (*Id.*) Specifically, Pass held his hand over Alvarado's face while Alvarado was wearing a spit mask. (*Id.*) Moungey directed Barbeau and Kappell to hold on to Alvarado's arms. (*Id.*) Moungey then conducted a search, and Alvarado states he took a picture of his penis to show prison staff in order to humiliate Alvarado. (*Id.*) He also states that Kappell was pulling and twisting his arms, which caused cuts and bruises. (*Id.* at 4.) Barbeau also told Alvarado his penis was small. (*Id.*)

Alvarado wrote an inmate complaint, but defendants James Muenchow, C. O'Donnell[1], Brian Foster, and E. Davidson dismissed his complaint and declined to provide him any relief. (*Id.*)

*Analysis*

Alvarado claims that the defendants violated his Eighth Amendment rights when they used excessive force on him and conducted a humiliating strip search. "Correctional officers violate the Eighth Amendment when they use force 'maliciously and sadistically for the very purpose of causing harm,' but not when they apply it in good faith to maintain or restore discipline." *Jackson v. Angus*, 808 Fed. Appx. 378, 382 (7th Cir. 2020). Alvarado may proceed against Moungey on an excessive force claim for pepper-spraying him and tasing him after he ate his suicide note. He may also proceed on an excessive force claim against Kappell for giving Moungey permission to tase him. Alvarado alleged that he was not disobeying orders or otherwise acting in a manner that warranted such force.

---

[1] The caption listed C. O'Donnell as "CO Donnell", but throughout the amended complaint, he is listed as "C. O'Donnell", so the court will refer to him as C. O'Donnell.

5

He may also proceed on an excessive force claim against Moungey, Kuepper, and Burns for pepper-spraying him after he accidentally spit in Kuepper's face. He may proceed on an excessive force claim against Pass and Kappell for holding him in such a way during the search that Alvarado experienced pain and bruising.

Additionally, he may proceed against Moungey on an Eighth Amendment cruel and unusual punishment claim for taking pictures of Alvarado's penis with intent to humiliate him. A prison official violates the Eighth Amendment "by performing some action that is 'intended to humiliate the victim or gratify the assailant's sexual desires.'" *Gillis v. Pollard*, 554 Fed. App'x. 502, 505 (7th Cir. 2014) (quoting *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012)). While Alvarado's allegations are barebones and quite possibly speculative, at this stage, he sufficiently states a claim.

However, he may not proceed on a claim against any of the defendants for the presence of female guards during his strip search. A strip search conducted in view of female guards rises to the level of a constitutional violation only where the search was conducted in a humiliating manner. *See Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). While Alvarado successfully alleged that Moungey humiliated him by taking pictures to show other prison staff, he does not allege anything else that suggests the search itself was conducted in a humiliating manner. The mere presence of female guards is insufficient to establish a constitutional violation.

Similarly, he may not proceed against Barbeau for commenting that his penis was small. "[M]ost verbal harassment by jail or prison guards does not rise to the

6

level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Verbal harassment rises to the level of cruel and unusual punishment where it incites psychological pain, such as a guard purposely telling an inmate with a headache that the doctor told him that the inmate had terminal brain cancer. *Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019). Generally, though "[r]elationships between prisoners and prison staff are not always marked by genteel language and good manners" and without evidence that staff is exploiting "an inmate's known psychological vulnerability to cause psychological anguish," verbal harassment does not rise to the level of a constitutional violation. Alvarado does not establish that the comment harmed him in such a manner.

He also may not proceed on any claims against Uherka and Barrett because he includes no specific allegations regarding what they did (or did not do) to violate his constitutional rights. Because he does not state a claim against Barbeau, Uherka, and Barrett, they are dismissed.

Finally, he may not proceed on any claims against Foster, Muenchow, O'Donnell, and E. Davidson. Alvarado simply alleges that their involvement was in reviewing his inmate complaint. Prison officials who deny grievances "but who otherwise did not cause or participate in the underlying conduct" cannot be held liable under § 1983. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007)). They are dismissed.

7

**THEREFORE, IT IS ORDERED** that Alvarado's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants Nikita Barbeau, Jodi Barrett, E. Davidson, Brian Foster, James Muenchow, C. O'Donnell, and Uherka are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Matthew Burns, Tracy Kappell, Ryan Kuepper, Andrew Moungey, and Christopher Pass. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Alvarado shall collect from his institution trust account the $348.57 balance of the filing fee by collecting monthly payments from Alvarado's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Alvarado is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Alvarado is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Alvarado is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Alvarado is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Alvarado failure to keep the

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Alvarado may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge