# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAMON ALVARADO, JR.,

    Plaintiff,

v.                                                        Case No. 22-CV-288

MATTHEW BURNS, *et al.*,

    Defendants.

## ORDER SCREENING THE COMPLAINT

On July 13, 2022, plaintiff Ramon Alvarado Jr., who is incarcerated at Waupun Correctional Institution and representing himself, filed a motion to amend his complaint. (ECF No. 13.) Alvarado's motion complies with Federal Rule of Civil Procedure 15(a) and Civil Local Rule 15. Under Fed. R. of Civ. Pro. 15(a), "courts should freely allow pleading amendments 'in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment." *King v. Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)).

Alvarado seeks to amend his complaint to add back in claims against female officers who participated in his strip search. He states that allowing female officers to participate in a strip search is against Waupun's policy.

The court denies Alvarado's motion because it would be futile to let him amend. As the court explained in its order screening Alvarado's first amended complaint, simply having female guards present during a strip-search is insufficient to state a constitutional claim. (ECF No. 9 at 6.) A plaintiff must allege that the search was conducted in a humiliating manner. *See Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). In other words, females participating in the search, without more, does not make the search humiliating.

Also, the fact that the female guards' presence violated prison policy also is insufficient to state a constitutional claim. Section 1983 only "protects plaintiffs from constitutional violations, not violations of state laws, or . . . departmental regulations." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003). Alvarado's motion to amend his complaint is denied.

**THEREFORE, IT IS ORDERED** that Alvarado's motion to amend his complaint (ECF No. 13) is **DENIED.**

Dated at Milwaukee, Wisconsin this 19th day of August, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge